IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBRA JOHNSON                                                          PETITIONER

v.                                          Case No. 1:12-cv-1078

RAY HOBBS, Director,                                                   RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, DEBRA JOHNSON ("Johnson"), an inmate confined in the Wrightsville

Women's Facility of the Arkansas Department of Corrections, filed this petition for writ of *habeas*

*corpus* pursuant to 28 U.S.C. § 2254.[1]  The petition was referred for findings of fact, conclusions of

law and recommendations for the disposition of the case.

**A.  Procedural Background[2]:**

On March 19, 2008, Johnson was convicted by a jury of second-degree murder, with a

firearm enhancement, in the Circuit Court of Union County, Arkansas.  She was sentenced to 450

months imprisonment.  ECF No. 6-1.  She appealed the conviction and sentence to the Arkansas

Court of Appeals.  The Arkansas Court of Appeals affirmed the conviction and sentence on February

17, 2010.  *See Johnson v. State*, 375 S.W.3d 12 (Ark. App. 2010).  The Arkansas appellate court

held:

    1. substantial evidence supported conviction;

-------------------------------------------------------

[1] The instant Petition is filed on a form utilized for seeking relief pursuant to 28 U.S.C. § 2241, however a review of the Petition reveals it seeks relief available under § 2254, the Court will therefore consider the Petition filed pursuant to  § 2254.

[2] The procedural background is taken from the Petition and the Response to Petition.

2. admission of recording of 911 call was not abuse of discretion;

3. sufficient foundation existed for admission of photographs of items from victim's car;

4. any error in admitting transcript of defendant's statement to police officer was not prejudicial;

5. police officer was qualified to testify concerning defendant's demeanor while defendant was giving statement to officer;

6. letter denying victim's application for handgun was too remote in time to be relevant and thus was inadmissible; and

7. nurse practitioner was not qualified to testify that defendant likely was suffering from side effects of drug

*Johnson v. State*, 375 S.W.3d 12 (2010).  Johnson then sought review in the Arkansas Supreme Court.  That court denied her request for review on May 6, 2010.  Following the denial by the Arkansas Supreme Court, Johnson filed a motion in the state trial court to correct an alleged clerical mistake in the Judgment and Commitment.  This motion is apparently still pending in state court and does not address any of the issues raised in the instant Petition.  *See* ECF No. 6, Response to Petition for Writ of Habeas Corpus.

**B.  Current Petition**:

On July 17, 2012[3], Johnson filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  She raises three claims for relief:

1.  There was insufficient evidence to prove the elements of the crime to which she was convicted.

2.   Statements she gave to law enforcement were taken without her being "Mirandized" and without benefit of counsel and thus should have been suppressed.

---

[3]Because of the pending motion to correct a clerical mistake, the parties agree the instant petition is timely filed.

3.  The statute under which she was convicted "doesn't match the offense and at worst is speculatory."

Johnson seeks as relief, an oral hearing, to vacate the sentence, remand back to state court, and an order that her case be reviewed.  The Respondent asserts that Johnson's claims are procedurally barred in that Johnson failed to properly raise them in state court.  This matter is ready for decision.

## C.  <u>Discussion</u>:

**1. Insufficient Evidence**: Johnson's first claim is the state courts erred by "admitting in trial evidence that was insufficient to prove the elements of the crime, such as, compact disk, photographs, transcripts and testimonies."  She claims this is a violation of her due process and equal protection rights.  Respondent states that while Johnson did raise insufficient evidence as a ground of her state court appeal, she raised it solely in the context of state law claims and did not allege any violation of her federal constitutional rights.  Thus, Respondent asserts she is barred from raising those claims here.  Respondent's argument is one of failure to exhaust state court remedies.

In Johnson's direct appeal she raised the following issue:

**The evidence was insufficient to support the finding that Debra Johnson knowingly caused the death of another person under circumstances manifesting extreme indifference to the value of human life**.

ECF No. 6-3 p. 54.  She based her argument on the trial judge's denial of her motion for directed verdict at the close of the State's case.  In her argument to the State appellate court she argues solely Arkansas law.  She cited Arkansas precedent and Arkansas statutes.  At no time did Johnson raise any claim of Due Process, Equal Protection or any other federal constitutional violation, she merely argued the Arkansas statutes and case law.

A federal *habeas* petitioner must present "both the factual and legal premises" of his claims

to the state courts in order to preserve them for federal *habeas* review.  *Cox v. Lockhart*, 970 F.2d

448, 454 (8th Cir.1992).  Respondent asserts Johnson did not present her Due Process and Equal

Protection claims (based on insufficiency of the evidence) to the state courts and suggests the Eighth

Circuit, in *Flieger v. Delo*, 16 F.3d 878 (8th Cir. 1994), held a federal *habeas* petitioner who had

failed to raise sufficiency of the evidence as a Due Process violation in his state direct appeal is

barred from raising that issue in a federal *habeas* petition.  However, the *Flieger* Court declined to

decide this very issue and *Flieger* does not stand for the proposition advanced by the Respondent.

*See id.* at 883 n. 5 ("We decline to consider whether Flieger has procedurally defaulted this claim,

however, because neither the parties nor the District Court raised or discussed the issue of a possible

procedural bar with respect to this claim.").  In fact a challenge to the sufficiency of the evidence in

a state criminal proceeding does state a federal constitutional claim.  "[A] challenge to a state

conviction brought on the ground that the evidence cannot fairly be deemed sufficient to have

established guilt beyond a reasonable doubt states a federal constitutional claim."  *Jackson v.*

*Virginia*, 443 U.S. 307, 322 (1979).  Accordingly, the Court will consider Johnson's claim of

insufficient evidence on the merits here.

> Section 2254(d) states as follows:
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim--
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the Supreme
>> Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the
>> facts in light of the evidence presented in the State court proceeding

28 U.S.C.A. § 2254(d).  This provision has often been interpreted by the Courts.  "In the § 2254

setting, we must consider 'whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt.'" *Evans v. Luebbers*, 371 F.3d 438, 441 (8ᵗʰ Cir. 2004) *quoting Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979).  The Court should "presume" the findings of fact by the state

court are correct unless a petitioner rebuts that presumption by "clear and convincing" evidence.  *See*

*Evans* 371 F. 3d at 441.

      The jury in Johnson's case found her guilty of second degree murder.  The trial court denied

her motion for a directed verdict.  The Arkansas Court of Appeals, then reviewed that denial and

treated Johnson's appeal as an attack on the sufficiency of the evidence.  *See Johnson v. State*, 375

S.W.3d at 16.  The Arkansas Court of Appeals reviewed the transcript of the trial and Johnson's

argument regarding insufficient evidence and reached this conclusion:

> This is a credibility issue.  Jurors may draw upon common knowledge and experience
> to infer a defendant's criminal intent from the circumstances.  Additionally, it is
> presumed that a person intends the natural and probable consequences of his or her
> acts. . . .  In support of the verdict, the evidence showed that: appellant and the victim
> were in, or near, the victim's car at the time of the shooting; appellant fired a
> .38–caliber special revolver at least three times; the victim was struck in the wrist
> with one of those bullets, which traveled up his forearm, severed an artery causing
> massive bleeding that resulted in his death, and exited by his elbow; the top of the
> victim's head showed evidence of a blunt-force injury; the grip of the firearm was
> broken, found at the scene, and characterized as a "blunt object."  Additional
> evidence indicated that the fatal wound was defensive in nature, in that appellant had
> pointed the gun at the victim, and that it appeared that she rendered no first aid to the
> victim after the shooting.  Although appellant indicated that she and the victim had
> been arguing prior to the shooting and that he had pulled her violently by the hair
> from the front passenger seat across the driver's seat and out of the car, photographs
> showed various items in the passenger seat that appeared to be undisturbed.
> Appellant's voice was calm during the 911 call she placed after the shooting, and she
> told officers upon arriving that she shot the victim, without any mention of the gun

accidentally firing or that she feared for her life or serious bodily injury.

Substantial evidence was presented to support the jury's determination that appellant acted knowingly to cause the victim's death under circumstances manifesting extreme indifference to the value of human life. Accordingly, we affirm on this point.

*See Johnson v. State*, 375 S.W.3d at 17-18.  Johnson has offered no information or evidence, other than what was before the state courts, which would rebut the presumption the state court factual determination was correct.  Johnson's claim of insufficient evidence to prove the elements of the crime to which she was convicted should be denied.

**2. *Habeas* Review of Claims not Presented to the State Court**: In her second and third claims for relief Johnson raises issues which were not raised at all in the state court.  Her second claim asserts the statements she gave to law enforcement after her arrest were not *Mirandized* and should have been suppressed.  Her third claim asserts the statutes under which she was convicted "do not match" the offense of conviction (to the extent this is a claim of insufficient evidence the Court adopts the discussion above).  A review of Johnson's direct appeal briefing and the ruling of the Arkansas Court of Appeals shows neither of these claims was advanced by her in state court nor addressed by the state court.

Federal courts should not review a claim of deprivation of constitutional rights by a state prisoner until the state courts have had an opportunity to review the claim and correct any constitutional error.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999).  A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993).  A federal *habeas* petitioner may proceed without having exhausted state remedies only if "there is an absence of available State corrective process" or "circumstances exist that render

-6-

such process ineffective to protect the rights of the applicant."   28 U.S.C. § 2254(b) (1) (B).

"A claim is procedurally defaulted if a *habeas* petitioner failed to raise it in state proceedings." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009) *citing Francis v. Miller*, 557 F.3d 894, 897 n. 3 (8th Cir.2009), *cert. denied* 103 S.Ct. 623 (characterizing a failure to raise an argument in state court as a procedural default).  If a state prisoner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," then she overcomes the procedural bar and may proceed in a federal *habeas* action.[4]  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007).  To demonstrate a fundamental miscarriage of justice a petitioner must show her actual innocence of the charges.  *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

In this case, Johnson could have raised these issues on direct appeal or through a post-conviction proceeding in the state court.  There is no question she failed to do so.  There was no state imposed impediment to raising them in state court and she does not allege any such impediment.  Accordingly, she afforded the state courts no opportunity to address the argument that her statement should have been suppressed or that the statute under which she was convicted was in someway unconstitutional.  Finally, Johnson has not raised, nor does the Court infer from her pleadings, any

[4]To demonstrate a fundamental miscarriage of justice a petitioner must show his actual innocence of the charges. *See Sawyer v. Whitely*, 505 U.S. 333, 339 (1992).  "[A] petitioner who raises a gateway claim of actual innocence must satisfy a two-part test. First, the petitioner's allegations of constitutional error must be supported with new reliable evidence that was not presented at trial. Second, the petitioner must establish that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) *quoting Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir.1996) *cert. denied*, 520 U.S. 1128 (1997).  In this case Johnson has not even alleged any new reliable evidence not presented at trial and has not alleged that no reasonable juror would have convicted her.  As described herein the state court found sufficient evidence to support the jury's verdict against her.  This Court will therefore not address the issue of "actual innocence."

claim of cause for her failure to raise these issues in state court.  She has thus failed to properly exhaust her state court remedies and is barred from raising them here.

**D.  Conclusion**:

Johnson's first claim of insufficiency of the evidence fails as she has not rebutted the presumptively accurate  findings of fact by the state court.  Her second and third claims fail because she failed to adequately exhaust her state court remedies.  She has failed to establish or allege any "cause" for that failure to exhaust.  The petition filed herein should be denied and dismissed with prejudice.

**E.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied as dismissed with prejudice.[5]

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **2nd day of August 2007.**

 /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).